[802 NE2d 1090, 770 NYS2d 692]

Shyron Bynog et al., Appellants-Respondents, v Cipriani Group, Inc., et al., Respondents-Appellants, et al., Defendants. (And Another Action.)

Argued October 21, 2003; decided December 2, 2003

**POINTS OF COUNSEL**

*Robert K. Erlanger,* New York City, for appellants-respondents. I. Labor Law § 196-d applies, without qualification, to tips and any charges purported to be tips. (*Matter of Auerbach v Board of Educ.,* 86 NY2d 198; *Truelove v Northeast Capital & Advisory,* 95 NY2d 220; *Matter of Field Delivery Serv. v Roberts,* 66 NY2d 516; *New Amsterdam Cas. Co. v Stecker,* 3 NY2d 1; *Daley v Related Cos.,* 179 AD2d 55; *Lorillard Tobacco Co. v Roth,* 99 NY2d 316; *Matter of Richardson v Commissioner of N.Y. City Dept. of Social Servs.,* 88 NY2d 35; *Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244.) II. The Appellate Division abused its discretion by making factual findings on Cipriani's CPLR 3213 motions. (*Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395; *Myers v Fir Cab Corp.,* 64 NY2d 806.)

*Robinson Brog Leinwand Greene Genovese & Gluck P.C.,* New York City (*Christy L. Reuter, John D. D'Ercole* and *Marshall E. Bernstein* of counsel), for respondents-appellants. I. The mandatory service charge is not a gratuity under Labor Law § 196-d. (*Matter of Fineway Supermarkets v State Liq. Auth.,* 48 NY2d 464; *State of New York v GTE Valeron Corp.,* 155 AD2d 166; *Mechmet v Four Seasons Hotels, Ltd.,* 825 F2d 1173; *Patrolmen's*

*Benevolent Assn. of City of N.Y. v City of New York,* 41 NY2d 205; *Matter of Orens v Novello,* 99 NY2d 180; *Majewski v Broadalbin-Perth Cent. School Dist.,* 91 NY2d 577; *Matter of Auerbach v Board of Educ.,* 86 NY2d 198; *Williams v Williams,* 23 NY2d 592; *Matter of Pell v Coveney,* 37 NY2d 494; *Matter of La Cascade, Inc. v State Tax Commn.,* 91 AD2d 784.) II. The temporary waiters waived any right under Labor Law § 196-d to be paid any portion of the mandatory service charge. (*Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244.) III. The temporary waiters are not Cipriani's employees. (*Akgul v Prime Time Transp.,* 293 AD2d 631; *Bhanti v Brookhaven Mem. Hosp. Med. Ctr.,* 260 AD2d 334; *Kirsch v Fleet St., Ltd.,* 148 F3d 149; *Lazo v Mak's Trading Co.,* 84 NY2d 896; *Matter of Ted Is Back Corp. [Roberts],* 64 NY2d 725; *Matter of Doner v Comptroller of State of N.Y.,* 262 AD2d 750; *Koren v Zazo,* 262 AD2d 287; *Matter of Cromer [Transworld Sys.—Sweeney],* 248 AD2d 773; *Matter of Monti Moving & Stor. [Sweeney],* 241 AD2d 734; *Irrutia v Terrero,* 227 AD2d 380.)

*Proskauer Rose LLP,* New York City (*Stephen Rackow Kaye* and *Aaron J. Schindel* of counsel), for The Fireman Group-Café Concepts, Inc., amicus curiae. I. Decisions of the New York Industrial Board of Appeals specifically hold that banquet service charges are not "gratuities." II. Federal regulations and the Wage-Hour Administrator also authoritatively state that service charges belong to the employer. III. The position advanced by the Attorney General is wrong. (*Federal Sec. Adm'r v Quaker Oats Co.,* 318 US 218; *United States v 306 Cases Containing Sandford Tomato Catsup with Preservative,* 55 F Supp 725, *affd sub nom. Libby, McNeill & Libby v United States,* 148 F2d 71; *United States v McGuire,* 64 F2d 485.)

*Eliot Spitzer, Attorney General,* New York City (*Caitlin J. Halligan, Michelle Aronowitz, M. Patricia Smith, Jean Lin* and *Seth Kupferberg* of counsel), and *Jerome Tracy,* Albany, for State of New York, amicus curiae. I. Plaintiffs were "employed" by Cipriani within the meaning of the Labor Law, even if they were also employees of the staffing agency. (*People ex rel. Price v Sheffield Farms-Slawson-Decker Co.,* 225 NY 25; *Miller v North Hudson Contr. Co.,* 166 App Div 348; *Rutherford Food Corp. v McComb,* 331 US 722; *Antenor v D & S Farms,* 88 F3d 925; *Lorillard, Div. of Lowes's Theaters, Inc. v Pons,* 434 US 575; *Ansoumana v Gristede's Operating Corp.,* 255 F Supp 2d 184; *Gustafson v Bell Atl. Corp.,* 171 F Supp 2d 311; *Lopez v Silverman,* 14 F Supp 2d 405; *Nationwide Mut. Ins. Co. v Darden,*

503 US 318; *Walling v Portland Term. Co.,* 330 US 148.) II. Labor Law § 196-d covers more than "voluntary gratuities." (*Federal Sec. Adm'r v Quaker Oats Co.,* 318 US 218; *United States v 306 Cases Containing Sandford Tomato Catsup with Preservative,* 55 F Supp 725, *affd sub nom. Libby, McNeill & Libby v United States,* 148 F2d 71; *United States v McGuire,* 64 F2d 485; *Davis v United States Govt.,* 742 F2d 171; *Matter of La Cascade, Inc. v State Tax Commn.,* 91 AD2d 784.) III. Rights conferred by the Labor Law cannot be implicitly waived. (*Matter of American Broadcasting Cos. v Roberts,* 61 NY2d 244; *Matter of Consolidated Rail Corp. v Hudacs,* 223 AD2d 289, 90 NY2d 958; *Matter of Scotto v Giuliani,* 243 AD2d 388.)

### OPINION OF THE COURT

G.B. SMITH, J.

The primary issue before this Court is whether plaintiffs, professional banquet waiters, are entitled to recover, pursuant to Labor Law § 196-d, certain payments, alleged to be gratuities, made as part of catering contracts. We conclude that because plaintiffs were independent contractors and not employees of the defendants, they are not entitled to recover the payments. Accordingly, we modify the order of the Appellate Division insofar as it concludes that plaintiffs are employees of the Cipriani defendants, and thus dismiss the cause of action under Labor Law § 191 and the associated claim under Labor Law § 198.

Plaintiffs allege that they are professional banquet waiters employed by the Cipriani defendants at various catering facilities in New York City and that the Alexander defendants (M.J. Alexander & Co., Inc. [MJA] and Michael J. Alexander, individually) were the disclosed agents of the Cipriani defendants. Plaintiffs allege that as employees, they were entitled to receive, pursuant to Labor Law § 196-d, a mandatory 22% service charge paid by Cipriani's customers under various banquet contracts, in addition to the $20-28 flat hourly rate paid by the Alexander defendants.[1]

Plaintiffs also allege a violation of Labor Law § 191 in that they were not paid within seven days after work was performed

---

1. Subsequent to the filing of an individual action, Bynog filed a putative class action complaint against Cipriani and MJA asserting the identical Labor Law § 196-d claims. The Supreme Court dismissed the class action. The Appellate Division affirmed and granted leave to appeal to this Court. The principles above govern this action as well.

and a violation of Labor Law § 193 in that the defendants improperly withheld a portion of their pay for workers' compensation premiums.

Cipriani Fifth Avenue, LLC owns and operates both a banquet facility and two restaurants at 30 Rockefeller Plaza in New York City known as the "Rainbow Room." Cipriani 42nd Street, LLC owns and operates a banquet facility in New York City known as "Cipriani 42nd Street." Cipriani 55 Wall Street, LLC owned and operated a banquet facility in New York City known as "Cipriani 55 Wall" but is no longer in business.

In contrast to plaintiffs who are temporary workers pursuant to catering contracts, the Rainbow Room employs a unionized permanent wait staff pursuant to a negotiated collective bargaining agreement. Union waiters are comprised of two groups, union banquet waiters and union restaurant waiters. All unionized waiters are permanent employees of the Rainbow Room and work exclusively for them. Under their collective bargaining agreement, the union banquet waiters receive a salary plus a portion of the catering food and beverage contract charge as a gratuity.

At the Rainbow Room, banquet service is provided by the union banquet waiters. If business needs require, the collective bargaining agreement expressly permits the Rainbow Room to supplement the banquet staff, first by using union restaurant waiters, and then by hiring outside temporary banquet waiters. The Rainbow Room paid MJA $20 per hour for each temporary waiter, plus a $15 fee for each waiter regardless of the number of hours worked. Cipriani 42nd Street paid $20-22 per hour for each waiter and $28 per hour for each captain plus a $15 fee for each waiter or captain regardless of the number of hours worked. The Cipriani defendants never took deductions, including payroll taxes, from the amounts invoiced by MJA.

Cipriani 42nd Street is not bound by the collective bargaining agreement and does not have a unionized wait staff. For banquets there, Cipriani 42nd Street hires outside temporary banquet waiters.

One of the places from which the Cipriani defendants obtain temporary waiters is MJA, a temporary personnel agency. When the defendants have a particular need, they contact MJA with the time and location of the need, as well as the number of waiters needed.

The Cipriani defendants moved for summary judgment. Supreme Court granted the motion on the ground that the

plaintiffs were independent contractors. The court also dismissed the plaintiffs' Labor Law §§ 196-d and 191 claims against Alexander, individually.[2]

The Appellate Division modified Supreme Court's order, on the law, by reinstating the plaintiffs' Labor Law §§ 191 and 198 claims against the Cipriani defendants, holding that summary judgment should not have been granted "on the ground that plaintiffs were not employees of" the Cipriani defendants. (298 AD2d 164, 165 [2002].) The Appellate Division affirmed the dismissal of the Labor Law § 196-d claims, holding that the contractual 22% service charge was not "in the nature of a voluntary gratuity presented by the customer in recognition of the waiter's service, and therefore need not be distributed to the waiters pursuant to Labor Law § 196-d, notwithstanding that the customer might believe that the charge is meant to be so distributed." (*Id.*) The Appellate Division granted the separate motions of the plaintiffs and defendants for leave to appeal to this Court and certified the question of whether the Appellate Division order was "properly made."

On this appeal plaintiffs, supported by the New York State Attorney General, continue to argue that they were employees of the Cipriani defendants and therefore entitled to the relief sued for. We disagree.

Article 6 of the Labor Law governs employers' payment of wages and benefits to employees. The parties agree that the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results (*see Matter of Ted Is Back Corp. [Roberts]*, 64 NY2d 725, 726 [1984]; *Matter of 12 Cornelia St. [Ross]*, 56 NY2d 895, 897 [1982]; *see also Matter of Morton*, 284 NY 167 [1940]). Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule (*see Lazo v Mak's Trading Co.*, 84 NY2d 896, 897 [1994] [applying standard in tort context]; *see also Bhanti v Brookhaven Mem. Hosp. Med. Ctr.*, 260 AD2d 334, 335 [2d Dept 1999]).

As stated by Supreme Court, plaintiffs were not employees of the Cipriani defendants because they (1) worked at their own

---

**2.** The claim against MJA was withdrawn prior to a decision by the Supreme Court on the motion for summary judgment.

discretion, (2) worked for other caterers, including Cipriani's competitors, without restriction, and (3) were under the exclusive direction and control of MJA, the temporary service agency that interviewed, hired and compensated the plaintiffs and from whom the plaintiffs received federal tax form 1099.[3] The Cipriani defendants did not provide uniforms (tuxedos) or any other necessary apparatus (wine bottle openers, etc.) to the temporary waiters from MJA.

Based upon the undisputed facts before us, MJA conducts interviews and hires temporary professional waiters. MJA furnishes each person it hires with an MJA handbook which tells them how they are to conduct themselves. Additionally, MJA provides any needed training of the individuals it hires. MJA pays each waiter directly and furnishes 1099's for tax purposes.

In most cases Alexander attends the banquets and supervises the temporary waiters personally. If he is not in attendance, one of the temporary waiter captains supervises the others.

If a problem does arise, the MJA handbook states that the temporary waiter should inform either Michael Alexander, if he is present, one of his appointed captains if he is not, or simply wait until after the event and report the problems to Alexander. The handbook instructs the temporary waiters not to contact the "client" directly.

After the banquets, MJA sends an invoice to the Cipriani defendants for services rendered. The Cipriani defendants would not pay any of the temporary waiters directly. Instead, they would send a check to MJA, payable to MJA, to settle the accounts.

The only involvement that the Cipriani defendants have with the waiters is to meet with them on the day of the banquet to discuss the particular customer menu and the timing of the various courses being served. In sum, it is clear the plaintiffs, temporary waiters, were not employed by the Cipriani defendants but were independent contractors.[4]

---

3. Form 1099 reports to the Internal Revenue Service amounts paid as compensation to persons such as independent contractors when withholding tax is not applicable.

4. Although we hold that the MJA waiters were not Cipriani employees, we reserve judgment as to whether those waiters would be entitled to a share of Cipriani's service charge under Labor Law § 196-d if they were employees.

■ We also reject plaintiffs' attempt to cast themselves as special employees of the Ciprianis. Even if we were to conclude that the special employment doctrine is applicable in this context and that plaintiffs were the general employees of MJA, the fact remains that the Ciprianis did not exert sufficient control over plaintiffs' performance of their work to render them the special employer of plaintiffs (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]).

Accordingly, the order of the Appellate Division should be modified, with costs to defendants, in accordance with this opinion and, as so modified, affirmed. The certified question should be answered in the negative.

Judges CIPARICK, ROSENBLATT, GRAFFEO and READ concur; Chief Judge KAYE taking no part.

Order modified, etc.