OPINION OF THE COURT
Marylin G. Diamond, J.
*436 This is a putative class action law suit in which the plaintiffs allege that the defendants have violated Labor Law § 196-d, which provides that “[n]o employer . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee.” The plaintiffs claim that they acted as servers at events held by the defendants and that even though the defendants impose a mandatory gratuity charge to their customers at these events, they have never received any portion of such a charge.
The defendants have now moved to dismiss the complaint, pursuant to CPLR 3211 (a) (7), for failure to state a cause of action. Pointing out that Labor Law § 196-d only applies to employers and their employees, they argue that the plaintiffs fall outside of the statutory ambit since they were merely workers who were assigned by a temporary service agency to act as servers at the defendants’ events. They argue that, based on the Court of Appeals decision in Bynog v Cipriani Group (1 NY3d 193 [2003]), where the plaintiffs were also servers assigned by a temporary service agency to work at events held by the defendant therein, the plaintiffs must, as a matter of law, be considered to have worked at their events as independent contractors and not as employees of the defendants.
The problem with the defendants’ motion is that it is brought as a motion to dismiss for failure to state a cause of action. There is, however, nothing in the Bynog decision which suggests that, as a matter of law, a worker who is assigned to a job by a temporary agency must be considered an independent contractor not entitled to the protection of Labor Law § 196-d with respect to the company to which he or she has been assigned. Indeed, Bynog involved not a motion to dismiss but a motion for summary judgment. Moreover, the court clearly indicated that the determination of whether a worker is an employee of the defendant is an issue requiring a factual assessment in each case, emphasizing that “the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results.” (See Bynog v Cipriani Group, 1 NY3d at 198.) The defendants have not cited any case where such a factual assessment has been made on a pre-answer motion to dismiss for failure to state a cause of action.
It is true, as the defendants argue, that Bynog sets forth a number of criteria which support a conclusion that the plaintiffs *437 should not be considered their employees. However, it also appears that on the critical issue of control over the workers’ performance, the defendants herein exercised far more control than the defendants in Bynog. The extent of this control is a matter which should be explored in discovery and is not an issue which is amenable to a motion to dismiss for failure to state a cause of action. Certainly, the nine-paragraph affidavit of Doug Giordano, the general manager of defendant Pier Sixty, LLC, is insufficient to legally establish the defendants’ lack of control. On the contrary, Mr. Giordano fails to mention that, unlike the lack of control exercised by the defendant in Bynog over the temporary workers assigned to serve at its banquets, Pier Sixty apparently requires that temporary workers such as plaintiffs attend a four-week training session, supervises these workers, requires that they comply with Pier Sixty’s dress code and, toward that end, provides them with a uniform jacket. Moreover, the record before the court is notably thin with respect to evidence about the comparative supervision and control exercised by the temporary agency.
Finally, contrary to the defendants’ assertion, the complaint does allege that the plaintiffs were employed by the defendants in that the first paragraph thereof specifically alleges that the defendants were the plaintiffs’ employer. Although inartfully drafted, the complaint nevertheless states a cause of action against the defendants for a violation of Labor Law § 196-d.
The defendants have also moved to dismiss the complaint as against defendants AK Pier Sixty, LLC and Abigail Kirsch on the ground that, unlike defendant Pier Sixty, LLC, these defendants did not contract with the temporary service agency to use plaintiffs’ services. The motion is supported by a managing member of AK Pier Sixty, James Kirsch, who merely asserts that plaintiffs have never worked or performed any services for these two defendants. However, in determining whether a complaint is sufficient to withstand a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the court must accept all of the facts alleged as true and determine only whether the facts alleged fit into any cognizable legal theory. (See Leon v Martinez, 84 NY2d 83, 87-88 [1994].) Although a party may move to dismiss under CPLR 3211 (a) (1) “on the ground that... a defense is founded upon documentary evidence,” a dismissal is warranted only “if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law.” (84 NY2d at 88.) Mr. Kirsch’s *438 affidavit does not provide any conclusive documentary evidence establishing that dismissal is appropriate. Moreover, contrary to the defendants’ assertion in their reply papers, the plaintiffs are not obligated, on a CPLR 3211 motion to dismiss for failure to state a cause of action, to submit evidence in support of the allegations contained in their pleadings. (See Rovello v Orofino Realty Co., 40 NY2d 633, 635 [1976].)
Accordingly, the defendants’ motion to dismiss is hereby denied.