SHAWN TYSZKA et al., Appellants, v MAKE AND TAKE HOLDING, LLC, et al., Defendants, and BOND, SCHOENECK & KING, PLLC, Respondent. [900 NYS2d 211]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered December 17, 2008. The order, insofar as appealed from, granted the motion of defendant Bond, Schoeneck & King, PLLC and dismissed the complaint against it.

It is hereby ordered that the order so appealed from is unanimously affirmed with costs.

Memorandum: Plaintiffs entered into agreements with de-

fendant Make and Take Holding, LLC (Make and Take) to operate franchises, and they commenced this action seeking damages based on alleged violations of the Franchise Sales Act ([Act] General Business Law § 680 *et seq.*) after the franchises were closed. Supreme Court properly granted the motion of Bond, Schoeneck & King, PLLC (defendant), a law firm, to dismiss the complaint against it for failure to state a cause of action. The first cause of action alleged, inter alia, that defendant willfully and materially aided Make and Take in selling the franchises and thus was liable pursuant to General Business Law § 691. Pursuant to section 691 (1), a person who offers or sells a franchise in violation of specified sections of General Business Law article 33 "is liable to the person purchasing the franchise for damages." Section 691 (3) provides in relevant part that "an employee of a person so liable, who materially aids in the act o[r] transaction constituting the violation[ ] is also liable jointly and severally with and to the same extent as the . . . employer." We reject plaintiffs' contention that defendant is an employee of Make and Take. Section 691 (3) does not define employee, and we thus interpret that term using its common-law definition (*see generally Nationwide Mut. Ins. Co. v Darden*, 503 US 318, 322-323 [1992]). Under the common law, "the relationship created between an attorney and his [or her] client is that of principal and agent" (*Burger v Brookhaven Med. Arts Bldg.*, 131 AD2d 622, 624 [1987]). Defendant was thus either an agent of Make and Take or an independent contractor, and was not its employee (*see Bynog v Cipriani Group*, 1 NY3d 193, 196 [2003], *rearg denied* 2 NY3d 794 [2004]).

The second cause of action, which was asserted only against defendant, alleged that it aided and abetted the violation of the Act in derogation of the common law. Section 691 (5) provides that "[e]xcept as explicitly provided in this article, civil liability in favor of any private party shall not arise against a person by implication from or as a result of the violation of a provision of this article or a rule, regulation or order hereunder. Nothing in this article shall limit a liability which may exist by virtue of any other statute or under common law if this article were not in effect." We agree with the determination of the court in its written decision that "[t]he final sentence of the provision preserves [preexisting] common law claims which would exist under the common law if the Act were not in effect, [but that], here, the only violation alleged as against [defendant] is aiding and abetting a violation of the Act itself, not a free-standing common law violation. For claims arising out of statutory violations of the Act, the Act itself provides the plaintiffs with their exclusive remedy." Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.