■ In the Matter of EYAL OVADIA et al., Petitioners, v OFFICE OF THE INDUSTRIAL BOARD OF APPEALS et al., Respondents. [918 NYS2d 56]—

Determination of respondent Industrial Board of Appeals, dated December 14, 2009, which affirmed an order of respondent Commissioner of the Department of Labor, dated July 18, 2008, directing petitioners to pay the claimants' unpaid wages, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Saliann Scarpulla, J.], entered April 30, 2010), dismissed, without costs.

Respondents correctly relied on federal law in determining whether petitioners were the claimants' employers (*see* CPLR 7803 [3]). The definition of "employer" is the same under New York State and federal law (*see* Labor Law § 2 [7]; § 190 [3]; 29 USC § 203 [d]). "[T]he test for determining whether an entity

or person is an 'employer' '' is the same under New York State and federal law (*Chu Chung v New Silver Palace Rests., Inc.*, 272 F Supp 2d 314, 318 n 6 [2003]). Petitioners contend that *Bynog v Cipriani Group* (1 NY3d 193 [2003]) is controlling here. However, the issue in *Bynog* was whether the putative employees were independent contractors, not whether a joint employment relationship existed in the context of a subcontract.

Respondents' determination that petitioners were the claimants' joint employers is supported by substantial evidence (*see* CPLR 7803 [4]). A worker may be employed by more than one individual or entity at the same time (*Zheng v Liberty Apparel Co. Inc.*, 355 F3d 61, 66 [2d Cir 2003]). The determination is based on ''the circumstances of the whole activity, viewed in light of economic reality,'' as ''illuminat[ed]'' by a number of factors (*id.* at 71 [internal quotation marks and citations omitted]). Here, petitioners supplied the materials used by the claimants in their work; the claimants performed discrete jobs as masons and bricklayers within petitioners' integrated construction project; the claimants were hired to work full time for petitioners until the masonry work was completed, and thus could not work on other projects at the same time; and petitioners' principal was on the job site daily and supervised the work with the subcontractor (*see id.* at 72).

We have reviewed petitioners' remaining arguments and find them without merit. Concur—Sweeny, J.P., Moskowitz, De-Grasse, Freedman and Richter, JJ.