14-3891-cv
*Meyer v. United States Tennis Ass'n*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of June, two thousand fifteen.

PRESENT:   José A. Cabranes,
           Rosemary S. Pooler,
           Denny Chin,
                     *Circuit Judges.*

_____

Steven Meyer, on behalf of themselves and
all others similarly situated, et al.,

          *Plaintiffs-Appellants*,

Marc Bell, on behalf of themselves and
all others similarly situated, et al.,

          *Plaintiffs*,

                    v.                                      No. 14-3891-cv

United States Tennis Association,

          *Defendant-Appellee.*

_____

**FOR PLAINTIFFS-APPELLANTS:**          Judith Lynne Spanier, Natalie Marcus, Abbey
                                        Spanier, LLP, New York, NY, Mitchell
                                        Schley, Law Offices of Mitchell Schley LLC,
                                        Piscataway, NJ.

**FOR DEFENDANT-APPELLEE:**                    Rex S. Heinke, Richard J. Rabin, Kelly Brown, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA.

Appeal from a judgment of the United States District Court for the Southern District of New York (Andrew L. Carter, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Plaintiffs, a putative class of tennis umpires who worked at the U.S. Open, appeal from the District Court's September 15, 2014 entry of summary judgment in favor of defendant on plaintiffs' claims for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law ("NYLL"). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment *de novo*, viewing the facts "in the light most favorable to the non-moving party and draw[ing] all reasonable inferences in that party's favor." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 271 (2d Cir. 2011). Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether individuals are "employees" or independent contractors for purposes of the FLSA, we consider the "economic reality test," which weighs:

> (1) the degree of control exercised by the employer over the workers,
> (2) the workers' opportunity for profit or loss and their investment in
> the business, (3) the degree of skill and independent initiative
> required to perform the work, (4) the permanence or duration of the
> working relationship, and (5) the extent to which the work is an
> integral part of the employer's business.

*Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1058–59 (2d Cir. 1988). "No one of these factors is dispositive; rather, the test is based on a totality of the circumstances." *Id.* at 1059.[1] Similarly, under the NYLL, "the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003). "Factors relevant to assessing control include whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule." *Id.*

---

[1] "[A] district court's findings as to the underlying factors must be accepted unless clearly erroneous, while review of the ultimate question of employment status is *de novo*." *Id.*

Upon review of the record and the relevant law, we conclude that the District Court correctly determined that plaintiffs were independent contractors, not employees, for purposes of the FLSA and the NYLL, substantially for the reasons stated in its thorough and well-reasoned September 11, 2014 opinion. Plaintiffs are highly skilled workers who exercise a high degree of independent initiative and control in officiating tennis matches. Although tennis umpires are an integral part of the U.S. Open and they invest little in the event, plaintiffs are free to decide independently each year whether to apply to officiate at the U.S. Open, which lasts for only a few weeks each year, and for how many days they wish to officiate. Plaintiffs also remain free to serve as umpires for other tennis associations and to maintain other non-umpiring jobs throughout the year, as many of them, in fact, do.

Moreover, under the NYLL factors, plaintiffs worked at their own convenience, were free to engage in other employment, did not receive fringe benefits, and were not on defendant's payroll. Plaintiffs also generally claimed independent contractor status on their income tax returns. *See Bynog*, 1 N.Y.3d at 199 & n.3 (considering tax status as relevant factor in employment relationship analysis).

Accordingly, in view of the totality of the circumstances, the District Court did not err in determining that plaintiffs were independent contractors, not employees, for purposes of the FLSA and the NYLL.

## CONCLUSION

We have considered all of the arguments raised by plaintiffs on appeal and find them to be without merit. For the reasons stated above, we **AFFIRM** the District Court's September 15, 2014 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk