Lumbermens Mut. Cas. Co. v A B Med. Servs., PLLC (2020 NY Slip Op 07280)





Lumbermens Mut. Cas. Co. v A B Med. Servs., PLLC


2020 NY Slip Op 07280


Decided on December 03, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 03, 2020

Before: Friedman, J.P., Kapnick, Gesmer, Kern, Shulman, JJ. 


Index No. 100813/11 Appeal No. 12546 Case No. 2020-01039 

[*1]Lumbermens Mutual Casualty Company et al., Plaintiffs-Respondents,
v
A B Medical Services, PLLC, Also Known as AB Medical Services, P.C., Also Known as A.B. Medical, PLLC, Defendant-Appellant.


The Leyvi Law Group, P.C., Brooklyn (Maksim Leyvi of counsel), for appellant.
Goldberg, Miller & Rubin, New York (Harlan R. Schreiber of counsel), for respondents.



Order and judgment (one paper), Supreme Court, New York County (Arthur F. Engoron, J.), entered on September 4, 2019, which, after a nonjury trial, declared that plaintiff insurers have no duty to pay no-fault benefits to defendant for any claims submitted for services provided by Emad N. Elyas, P.T., Jeffrey S. Schwartz, MD, Vadim Miloradovich, MD, Ginete N. Montaus, P.T., El-Sayed Ehab G. Mosry, P.T., Sherif M. Diab, P.T., Benjamin Yentel, MD, and Zhanna Nudelman, MD, on the ground that they are independent contractors, not employees of [*2]defendant, which therefore improperly billed for their services, in violation of 11 NYCRR 65-3.11(a), unanimously affirmed, with costs.
As an initial issue, 11 NYCRR 65-3.11(a) limits no-fault medical billing to employees of the provider that submits claims for no-fault benefits. It is submitted that Supreme Court properly granted judgment in favor of plaintiffs, because the treating providers were independent contractors, as opposed to employees. The record supports a finding that the "degree of control exercised by the purported employer" (Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]), "not only over the results produced but also over the means used to produce the results" (Matter of O'Brien v Spitzer, 7 NY3d 239, 242 [2006]), was insufficient to give rise to an employer-employee relationship.
"Factors relevant to assessing control include whether the worker (1) worked at his [or her] convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll, and (5) was on a fixed schedule" (Bynog, 1 NY3d at 198). The factors that militate against defendant's position that the treating providers were employees include the trial testimony that: defendant could not monitor the quality of the work billed because its principal was not qualified in these fields of medicine, defendant used staffing services to find professionals, defendant's principal could not recall giving the professionals health insurance and required them to provide their own malpractice insurance, he could not recall providing the professionals with certain nerve conduction equipment, the professionals were all part-time and free to take on other jobs, and although the principal provided the professionals with W-2 forms, he did so only because he thought he was required to do so by insurers.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 3, 2020