Brielmeier v Leal (2024 NY Slip Op 02163)

Brielmeier v Leal

2024 NY Slip Op 02163

Decided on April 24, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 24, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
PAUL WOOTEN
JANICE A. TAYLOR, JJ.

2021-07736
 (Index No. 63427/13)

[*1]Thomas H. Brielmeier, et al., appellants, 
v
Luis F. Leal, et al., defendants, Publishers Circulation Fulfillment, Inc., respondent.

Dean & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for appellants.
Eric D. Feldman, Mellville, NY (Jennifer M. Belk of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Paul J. Baisley, Jr., J.), dated September 30, 2021. The order granted the motion of the defendant Publishers Circulation Fulfillment, Inc., for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it.
ORDERED that the appeal from so much of the order as granted that branch of the motion of the defendant Publishers Circulation Fulfillment, Inc., which was for summary judgment dismissing all cross-claims insofar as asserted against it is dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157); and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and that branch of the motion of the defendant Publishers Circulation Fulfillment, Inc., which was for summary judgment dismissing the amended complaint insofar as asserted against it is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On March 25, 2013, the plaintiff Thomas H. Brielmeier (hereinafter the injured plaintiff) allegedly was injured when a vehicle he was operating collided with a vehicle owned and operated by the defendant Luis F. Leal. In October 2013, the injured plaintiff, and his wife suing derivatively, commenced this action against Leal and another defendant. In February 2014, the plaintiffs filed an amended complaint naming Publishers Circulation Fulfillment, Inc. (hereinafter Publishers), as an additional defendant. The plaintiffs alleged, inter alia, that Leal was Publishers' employee, and that Leal was acting within the scope of his employment at the time of the accident. Thereafter, Publishers moved for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against it. In an order dated September 30, 2021, the Supreme Court granted Publishers' motion. The plaintiffs appeal.
"The doctrine of respondeat superior renders a master vicariously liable for a tort committed by his [or her] servant within the scope of employment. Conversely, the general rule is [*2]that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Fernandez v Conklin, 189 AD3d 784, 784 [internal quotation marks omitted]; see Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 623). "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (Bynog v Cipriani Group, Inc., 1 NY3d 193, 198; see Fernandez v Conklin, 189 AD3d at 784). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d at 198; see Fernandez v Conklin, 189 AD3d at 784). "The fact that a contract exists designating a person as an independent contractor is to be considered, but is not dispositive" (Fernandez v Conklin, 189 AD3d at 784 [internal quotation marks omitted]; see Araneo v Town Bd. for Town of Clarkstown, 55 AD3d 516, 519). Whether an actor is an independent contractor or an employee is usually a factual issue for a jury (see Carrion v Orbit Messenger, 82 NY2d 742, 744; Schiffer v Sunrise Removal, Inc., 62 AD3d 776, 779).
Here, Publishers failed to establish, prima facie, that Leal was an independent contractor at the time of the accident (see Fernandez v Conklin, 189 AD3d at 785; Galvan v Robinson, 50 AD3d 954, 955; Lane v Lyons, 277 AD2d 428, 428). Accordingly, the Supreme Court should have denied that branch of Publishers' motion which was for summary judgment dismissing the amended complaint insofar as asserted against it, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
IANNACCI, J.P., CHRISTOPHER, WOOTEN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court