Sal Savasta, Inc. v Boar's Head Provisions Co., Inc. (2026 NY Slip Op 00924)

Sal Savasta, Inc. v Boar's Head Provisions Co., Inc.

2026 NY Slip Op 00924

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2021-02661
 (Index No. 513130/20)

[*1]Sal Savasta, Inc., et al., respondents-appellants,
vBoar's Head Provisions Co., Inc., et al., appellants- respondents.

Golenbeck Eiseman Assor Bell & Peskoe LLP, New York, NY (Jacqueline G. Veit and Scott P. Yakaitis of counsel), for appellants-respondents.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Anthony J. Genovesi, and Mark Goreczny of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants appeal, and the plaintiffs cross-appeal, from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 8, 2021. The order, insofar as appealed from, denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the fifth and sixth causes of action insofar as asserted against each of them. The order, insofar as cross-appealed from, granted those branches of the motion of the defendant Frank Brunckhorst Co., LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, seventh, eighth, ninth, and tenth causes of action and the demand for punitive damages insofar as asserted against it and, in effect, granted those branches of the motion of the defendant Boar's Head Provisions Co., Inc., which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, seventh, eighth, ninth, and tenth causes of action and the demand for punitive damages insofar as asserted against it.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Frank Brunckhorst Co., LLC, which were pursuant to CPLR 3211(a) to dismiss the second, fourth, seventh, eighth, ninth, and tenth causes of action insofar as asserted it, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof, in effect, granting those branches of the motion of the defendant Boar's Head Provisions Co., Inc., which were pursuant to CPLR 3211(a) to dismiss the second, fourth, seventh, eighth, ninth, and tenth causes of action insofar as asserted it, and substituting therefor a provision denying those branches of the motion, and (3) by deleting the provision thereof denying those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the fifth and sixth causes of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as cross-appealed from, without costs or disbursements.
The plaintiffs, Salvatore Savasta and his company, Sal Savasta, Inc., commenced this action in 2020 against the defendants, Boar's Head Provisions Co., Inc. (hereinafter Boar's Head), and Frank Brunckhorst Co., LLC (hereinafter Brunckhorst). The complaint alleged the following. Boar's Head produced "delicatessen edibles," which were distributed through Brunckhorst. [*2]Brunckhorst distributed the products to authorized distributors, who, in turn, distributed the products to stores through the acquisition of distribution routes. Boar's Head exercised a large degree of control over the authorized distributors and, among other things, required its approval of the sale of a distribution route from one authorized distributor to another and prohibited authorized distributors from engaging in any other food-related business. In 2004, the plaintiffs became authorized distributors and purchased a distribution route. In October 2015, the defendants wrongfully confiscated one of the plaintiffs' retail accounts and directed the plaintiffs to sell their distribution route in June 2019 for less than fair market value.
The complaint asserted 10 causes of action, alleging tortious interference with contract (first cause of action), breach of contract (second cause of action), fraudulent inducement (third cause of action), economic duress (fourth cause of action), violations of the Franchise Sales Act (General Business Law § 680 et seq.) (fifth and sixth causes of action), and violations of the Labor Law (seventh through tenth causes of action). The complaint also included a demand for punitive damages.
The defendants separately moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against each of them. In an order dated March 8, 2021, the Supreme Court, among other things, granted those branches of Brunckhorst's motion which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, seventh, eighth, ninth, and tenth causes of action and the demand for punitive damages insofar as asserted against it, and, in effect, granted those branches of Boar's Head's motion which were pursuant to CPLR 3211(a) to dismiss those causes of action and the demand for punitive damages insofar as asserted against it. The court denied those branches of the defendants' separate motions which were to dismiss the fifth and sixth causes of action insofar as asserted against each of them. The defendants appeal, and the plaintiffs cross-appeal.
On a motion to dismiss pursuant to CPLR 3211(a), the complaint must be liberally construed (see id. § 3026; Leon v Martinez, 84 NY2d 83, 87). The court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87). In assessing a motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action, the court must "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Langley v Melville Fire Dist., 213 AD3d 748, 750). Under CPLR 3211(a)(1), dismissal is warranted "only where the documentary evidence utterly refutes [the] factual allegations [in the complaint], conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88).
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action on the ground that it may not be maintained because of a release. "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. de C.V., 17 NY3d 269, 276 [alterations and internal quotation marks omitted]; see Cames v Craig, 181 AD3d 851, 852). Here, while general releases executed by the plaintiffs, by their terms, released the defendants from all known and unknown causes of action that accrued on or before July 5, 2019, the allegation in the complaint that the defendants threatened to deny their approval of the plaintiffs' sale of their distribution route was sufficient to support a possible finding that the general releases were obtained under circumstances that indicated unfairness (see Farber v Breslin, 47 AD3d 873, 877; see also China Dev. Indus. Bank v Morgan Stanley & Co. Inc., 86 AD3d 435, 437; Pashtrik Realty Corp. v Gjonlekaj, 234 AD2d 54, 54). The defendants' contention that the plaintiffs ratified the general releases is not properly before this Court, because it relies on matter dehors the record (see Yakubov v Gaft, 231 AD3d 1099, 1101). Accordingly, the Supreme Court properly denied dismissal of the complaint on the ground that the causes of action were barred by the general releases.
Contrary to the plaintiffs' contention, the complaint failed to state a cause of action [*3]to recover damages for tortious interference with contract, as it failed to allege a breach of a valid contract between the plaintiffs and a third party and failed to allege the defendants' intentional procurement of the third party's breach of such a contract (see Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1014-1015; Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624). Accordingly, the Supreme Court properly granted that branch of Brunckhorst's motion which was to dismiss the first cause of action insofar as asserted against it and properly, in effect, granted that branch of Boar's Head's motion which was to dismiss that cause of action insofar as asserted against it.
However, the Supreme Court should have denied those branches of the defendants' separate motions which were to dismiss the second cause of action, alleging breach of contract, insofar as asserted against each of them. "Even if a party is not in breach of its express contractual obligations, it may be in breach of the implied covenant of good faith and fair dealing when it exercises a contractual right as part of a scheme to deprive the other party of the benefit of its bargain" (JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 706-707; see Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770). Here, the complaint adequately alleged that the defendants breached the implied covenant of good faith and fair dealing by confiscating one of the plaintiffs' accounts and terminating the parties' alleged distribution agreement without justification or good cause (see JLO Dev. Corp. v Amalgamated Bank, 232 AD3d at 706-707; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d at 770-771). Contrary to the defendants' contention, an excerpt of the defendants' sales policy and the plaintiffs' acknowledgment thereof did not utterly refute the plaintiffs' allegations (see Array BioPharma, Inc. v AstraZeneca AB, 184 AD3d 463, 464; Braddock v Braddock, 60 AD3d 84, 91-92).
Affording the complaint a liberal construction and accepting the facts as alleged therein as true, the complaint failed to state a cause of action to recover damages for fraudulent inducement, inasmuch as it failed to allege reasonable reliance by the plaintiffs upon the defendants' alleged misrepresentations (see CPLR 3016[b]; Riggs v Brooklyn Hosp. Ctr., 207 AD3d 405, 406-407; Avery v WJM Dev. Corp., 197 AD3d 1141, 1144). Thus, contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of Brunckhorst's motion which was to dismiss the third cause of action insofar as asserted against it and properly , in effect, granted that branch of Boar's Head's motion which was to dismiss that cause of action insofar as asserted against it.
The fourth cause of action sought to recover damages for economic duress. Economic duress "permits a complaining party to void a contract and recover damages when it establishes that it was compelled to agree to the contract terms because of a wrongful threat by the other party which precluded the exercise of its free will" (805 Third Ave. Co. v M.W. Realty Assoc., 58 NY2d 447, 451). "The existence of economic duress or business compulsion is demonstrated by proof that immediate possession of needful goods is threatened or . . . by proof that one party to a contract has threatened to breach the agreement by withholding goods unless the other party agrees to some further demand" (Austin Instrument v Loral Corp., 29 NY2d 124, 130 [citation and internal quotation marks omitted]). Here, the complaint alleged that the defendants threatened to stop selling products to the plaintiffs and to deny approval of the sale of the plaintiffs' business without justification. These allegations were adequate to allege that the plaintiffs sold their business under unfair conditions and signed releases under economic duress (see id. at 130-131). Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were to dismiss the fourth cause of action insofar as asserted against each of them.
The Supreme Court should have granted those branches of the defendants' separate motions which were to dismiss the fifth and sixth causes of action, alleging violations of the Franchise Sales Act, insofar as asserted against each of them. Pursuant to General Business Law § 691(1), a person who offers or sells a franchise in violation of specified sections of the Franchise Sales Act "is liable to the person purchasing the franchise for damages" (see Tyszka v Make & Take Holding, LLC, 72 AD3d 1620, 1621). However, an action for such damages must be commenced within three years after the act or transaction constituting the violation (see General Business Law § 691[4]). Here, since the complaint alleged that the plaintiffs purchased their distribution route in [*4]2004, the causes of action alleging violations of the Franchise Sales Act were time-barred.
The Supreme Court erred in granting dismissal of the seventh through tenth causes of action on the ground that Savasta was not an employee of the defendants. "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (Bynog v Cipriani Group, 1 NY3d 193, 198). "Where the record shows more than incidental control, . . . an issue of fact arises as to whether there is an employer-employee relationship" (Velasquez v Sunstone Red Oak, LLC, 213 AD3d 883, 884). Here, the complaint alleged that the defendants exerted more than incidental control over the results produced and the means employed to achieve those results, including setting rules for work hours, setting prices, dictating marketing campaigns, and enforcing cosmetic standards (see Matter of Jani-King of N.Y., Inc. [Commissioner of Labor], 214 AD3d 1088, 1090-1091). Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were to dismiss the seventh through tenth causes of action insofar as asserted against each of them.
Contrary to the plaintiffs' contention, the complaint failed to allege an independent tort sufficient to warrant punitive damages (see Michael Davis Constr., Inc. v 129 Parsonage Lane, LLC, 194 AD3d 805, 808).
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court