— Appeals from (1) an order of the Supreme Court, Suffolk County (H. Patrick Leis III, J.), dated January 13, 2016, and (2) an order of that court dated August 3, 2016. The order dated August 3, 2016, insofar as appealed from, granted the motion of the defendants Nahid Rachlin and Howard Rachlin pursuant to 22 NYCRR 130-1.1 (a) for an award of costs and attorneys’ fees against the plaintiffs, and denied the plaintiffs’ cross motion, in effect, to vacate so much of a prior order of that court as searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against the defendants Nahid Rachlin and Howard Rachlin.
 

 Ordered that the appeal from the order dated January 13, 2016, is dismissed, as that order was superseded by the order dated August 3, 2016; and it is further,
 

 Ordered that the order dated August 3, 2016, is affirmed insofar as appealed from; and it is further,
 

 Ordered that one bill of costs is awarded to the defendants Nahid Rachlin and Howard Rachlin; and it is further,
 

 Ordered that on the Court’s own motion, the parties to these appeals and/or their counsel are directed to show cause why an order should or should not be made and entered imposing additional sanctions and/or costs, if any, including appellate counsel fees, against the plaintiffs and/or their counsel pursuant to 22 NYCRR 130-1.1 (c) as this Court may deem appropriate, by filing an original and four copies of their respective affirmations or affidavits on that issue, including the amounts of legal fees incurred by the defendants Nahid Rachlin and Howard Rachlin in connection with these appeals, in the office of the Clerk of this Court and serving one copy of the same on each other on or before November 20, 2017; and it is further, Ordered that the Clerk of this Court, or her designee, is directed to serve counsel for the respective parties with a copy of this decision and order by regular mail.
 

 The underlying facts relevant to these appeals are set forth in this Court’s decision and order in the companion appeals (see Greene v Rachlin, 154 AD3d 814 [2017] [decided herewith]). Following the Supreme Court’s award of summary judgment in favor of Nahid Rachlin and Howard Rachlin (hereinafter together the Rachlin defendants) and others, the Rachlin defendants moved pursuant to 22 NYCRR 130-1.1 (a) for an award of costs and attorneys’ fees against the plaintiffs, and the plaintiffs cross-moved, in effect, to vacate that portion of the court’s prior order as searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against the Rachlin defendants. The court granted the motion of the Rachlin defendants and denied the plaintiffs’ cross motion. The plaintiffs appeal.
 

 The plaintiffs’ claim that the Supreme Court was biased against them is unpreserved for appellate review, as they did not move for the court to recuse itself (see Matter of Baby Girl Z. [Yaroslava Z.], 140 AD3d 893, 894 [2016]; Matter of Bowe v Bowe, 124 AD3d 645, 646 [2015])- In any event, their contention is without merit (see Matter of Davis v Pignataro, 97 AD3d 677, 678 [2012]; Matter of Serkez v Serkez, 34 AD3d 592, 592 [2006]).
 

 The Supreme Court properly denied the plaintiffs’ cross motion, in effect, to vacate so much of the court’s prior order as searched the record and awarded summary judgment dismissing the amended complaint insofar as asserted against the Rachlin defendants. In this regard, the plaintiffs failed to submit new evidence that would have changed the prior determination (see CPLR 2221 [e] [2]; Cullin v Lynch, 148 AD3d 670, 670 [2017]; Weisz v Weisz, 123 AD3d 917, 919 [2014]). The plaintiffs also were not entitled to vacatur because they failed to establish that certain alleged newly discovered evidence would probably have produced a different result (see CPLR 5015 [a] [2]; IMC Mtge. Co. v Vetere, 142 AD3d 954, 954 [2016]; Meltzer v Meltzer, 140 AD3d 716, 716 [2016]). Nor did they demonstrate their entitlement to vacatur on the ground of fraud, misrepresentation, or other alleged misconduct by the Rachlin defendants (see CPLR 5015 [a] [3]; Meltzer v Meltzer, 140 AD3d at 717; Mims v Perez, 79 AD3d 1106, 1106 [2010]).
 

 Contrary to the plaintiffs’ contentions, the Supreme Court providently exercised its discretion in granting the Rachlin defendants’ motion pursuant to 22 NYCRR 130-1.1 (a) for an award of costs and attorneys’ fees. As set forth in the related appeals (see Greene v Rachlin, 154 AD3d 814 [2017] [decided herewith]), the plaintiffs engaged in frivolous conduct in commencing this action, as it was completely without merit in law and could not be supported by a reasonable argument for an extension, modification, or reversal of existing law (see 22 NYCRR 130-1.1 [c]; Strunk v New York State Bd. of Elections, 126 AD3d 779, 781 [2015]; Weissman v Weissman, 116 AD3d 848, 849 [2014]).
 

 The plaintiffs’ remaining contentions are either improperly raised for the first time on appeal or without merit.
 

 The plaintiffs’ continued pursuit of their claims against the Rachlin defendants, which included filing a cross motion that was completely lacking in merit, was apparently designed to harass the Rachlin defendants. Additionally, since the plaintiffs continue to pursue the same arguments on appeal as well as advance additional meritless arguments, these appeals may be frivolous within the meaning of 22 NYCRR 130-1.1 (see Curet v DeKalb Realty, LLC, 127 AD3d 914, 916 [2015]; Cardinal Holdings, Ltd. v Indotronix Intl. Corp., 73 AD3d 960, 963 [2010]; Caplan v Tofel, 65 AD3d 1180, 1181-1182 [2009]). Accordingly, we direct the submission of affirmations or affidavits on the issue of whether, and in what amount, additional costs or sanctions in connection with these appeals should or should not be imposed on the plaintiffs and/or their counsel.
 

 Mastro, J.R, Sgroi, Cohen and Maltese, JJ., concur.