Athenas v Simon Prop. Group, LP (2020 NY Slip Op 04140)





Athenas v Simon Prop. Group, LP


2020 NY Slip Op 04140


Decided on July 22, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 22, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2017-04904
 (Index No. 17165/13)

[*1]Donna Athenas, appellant, 
v
Simon Property Group, LP, et al., respondents, et al., defendants.


Kenneth J. Ready, Mineola, NY, for appellant.
Kennedys CMK LLP, New York, NY (Michael R. Schneider of counsel), for respondents Simon Property Group, LP, Smith Haven Center Associates, LLC, Mall at Smith Haven, LLC, and Simon Management Associates, LLC.
Andrea G. Sawyers, Melville, NY (Scott W. Driver of counsel), for respondents Cohen's Fashion Optical Store 149, LLC, and D.K. Optical, Inc.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated March 22, 2017. The order, insofar as appealed from, granted those branches of the motion of the defendants Simon Property Group, LP, Smith Haven Center Associates, LLC, Mall at Smith Haven, LLC, and Simon Management Associates, LLC, and the separate motion of the defendants Cohen's Fashion Optical Store 149, LLC, and D.K. Optical, Inc., which were for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.
This is a premises liability matter involving a shopping mall, which was owned and operated by the defendants Simon Property Group, LP, Smith Haven Center Associates, LLC, Mall at Smith Haven, LLC, and Simon Management Associates, LLC (hereinafter collectively the landlord defendants). Retail space within the mall was leased by the defendant Cohen's Fashion Optical Store 149, LLC, which was operated under a franchise agreement by the defendant D.K. Optical, Inc. (hereinafter together the tenant defendants). The plaintiff allegedly was injured when she slipped on Pine Sol in the interior common area of the mall, causing her to fall. The Pine Sol had been spilled by a janitor whom the tenant defendants employed to perform cleaning services at their store approximately once a week. According to the janitor's deposition testimony, she spilled the Pine Sol just seconds before the plaintiff's accident, and the spill occurred while the janitor was walking towards the tenant defendants' store to begin cleaning that evening.
The plaintiff subsequently commenced this action against the landlord defendants and the tenant defendants, among others. Thereafter, the landlord defendants and the tenant defendants separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted those branches of the motions, and the plaintiff [*2]appeals.
The tenant defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them. "Generally, liability for a dangerous condition on real property must be predicated upon ownership, occupancy, control, or special use of the property" (Russo v Frankels Garden City Realty Co., 93 AD3d 708, 710; see Kubicsko v Westchester County Elec., Inc., 116 AD3d 737, 738-739). Moreover, "a tenant's common-law duty to maintain premises in a reasonably safe condition is limited to those areas which it occupies and controls, or makes a special use" (Knight v 177 W. 26 Realty, LLC, 173 AD3d 846, 847). Here, the tenant defendants established, prima facie, that the location where the accident occurred was within the common area of the mall, and that they had no contractual or common-law duty to maintain it (see id. at 847; Kubicsko v Westchester County Elec., Inc., 116 AD3d at 739; Millman v Citibank, 216 AD2d 278).
The tenant defendants also established, prima facie, that they were not responsible for the allegedly negligent conduct of the janitor under a theory of respondent superior since the janitor was an independent contractor. "The general rule is that an employer who hires an independent contractor is not liable for the independent contractor's negligent acts" (Rosenberg v Equitable Life Assur. Socy. of U.S., 79 NY2d 663, 668; see Gadson v City of New York, 156 AD3d 685, 686; Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1014). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the more important consideration" (Abouzeid v Grgas, 295 AD2d 376, 377; see Fenster v Ellis, 71 AD3d 1079, 1080). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d 193, 198; see Fenster v Ellis, 71 AD3d at 1080). However, "[m]inimal or incidental control over an employee's work product without the employer's direct supervision or input over the means used to complete the work is insufficient to establish a traditional employment relationship" (Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335).
Here, the tenant defendants established, prima facie, that the janitor was an independent contractor by demonstrating that she did not have fixed hours or days on which she worked. She had several other clients for whom she performed cleaning services, and she was not on the tenant defendants' payroll, was paid cash without any tax withholdings, and received no other benefits or compensation. Moreover, the janitor performed cleaning services without any supervision by the tenant defendants, and she was responsible for determining which cleaning agents to use and for supplying the same (see Weinfeld v HR Photography, Inc., 149 AD3d at 1015; Wecker v Crossland Group, Inc., 92 AD3d 870, 871).
In opposition to the tenant defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact.
The landlord defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the complaint asserted as asserted against them by demonstrating that they did not create the alleged hazardous condition or have actual or constructive notice of it (see Rivera v 2160 Realty Co., L.L.C., 4 NY3d 837, 838-839; Gordon v American Museum of Natural History, 67 NY2d 836, 837; Kubicsko v Westchester County Elec., Inc., 116 AD3d at 739). In opposition, the plaintiff failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination granting those branches of the separate motions of the landlord defendants and the tenant defendants which were for summary judgment dismissing the complaint insofar as asserted against each of them.
CHAMBERS, J.P., COHEN, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court