Colon v Compass Group USA, Inc. (2020 NY Slip Op 06491)





Colon v Compass Group USA, Inc.


2020 NY Slip Op 06491


Decided on November 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2018-05352
 (Index No. 53098/17)

[*1]Yasmin Colon, etc., appellant,
v
Compass Group USA, Inc., respondent.


Leeds Brown Law, P.C., Carle Place, NY (Suzanne Leeds Klein and Brett R. Cohen of counsel), for appellant.
Fisher & Phillips LLP, New York, NY (Seth D. Kaufman and Brian J. Gershengorn of counsel), for respondent.



DECISION & ORDER
In a putative class action to recover damages for violations of Labor Law article 6, the plaintiff appeals from an order of the Supreme Court, Westchester County (Linda S. Jamieson, J.), dated March 29, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
Between 2011 and 2014, the plaintiff, through a staffing agency known as AYS Staffing, Inc. (hereinafter AYS), worked for the defendant as a bartender and server at seven catered events held at Reid Castle, an event space located on the Manhattanville College campus in Purchase. In March 2017, the plaintiff commenced this putative class action to recover damages for violations of Labor Law § 196-d, alleging that the defendant was the employer of the plaintiff and other waitstaff, that the defendant imposed a mandatory service charge on contracts for catered events and did not "disclaim" that the charge was a gratuity, that a reasonable customer would believe that the service charge was a gratuity, and that the defendant failed to distribute the service charge to servers, bartenders, and other waitstaff, including the plaintiff. The defendant interposed an answer, asserting, inter alia, an affirmative defense that it did not employ the plaintiff or any member of the putative class within the meaning of the Labor Law. Thereafter, the Supreme Court directed limited expedited discovery on the issue of whether the plaintiff was employed by the defendant.
The defendant subsequently moved for summary judgment dismissing the complaint, arguing, among other things, that the evidence demonstrated, as a matter of law, that the plaintiff was not its employee. The plaintiff opposed the motion. By order dated March 29, 2018, the Supreme Court granted the defendant's motion. The plaintiff appeals.
Labor Law 196-d provides in pertinent part: "No employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee" (emphasis added). "In order to state a claim under [this statute], a plaintiff must first demonstrate that he or she is an [*2]employee entitled to its protections" (Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335; see Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 597). "'The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the most important consideration'" (Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885, quoting Abouzeid v Grgas, 295 AD2d 376, 377). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d 193, 198; see Davis v EAB-TAB Enters., 166 AD3d 1449, 1450; Gagen v Kipany Prods., Ltd., 27 AD3d 1042, 1043). "'[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship'" (Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015, quoting Raja v Big Geyser, Inc., 144 AD3d 1123, 1124 [internal quotation marks omitted]).
Here, we agree with the Supreme Court's determination that the defendant established, prima facie, that the plaintiff was not its employee. The record demonstrates that the plaintiff was free to accept or reject any assignment that she received through AYS, including assignments to work for the defendant, that between 2011 and 2014, the plaintiff, through AYS, worked as a bartender and server at approximately 10 different event spaces, and that the plaintiff did not have fixed hours or days on which she worked for the defendant. The plaintiff was paid by AYS, which set her hourly rate of pay and issued her a W2 form, and received no benefits or compensation from the defendant. During the relevant time period, the plaintiff held other employment with the United Federation of Teachers, through which she received health insurance, and worked as a bartender and server for another catering company known as "Prestige Catering." In addition, the evidence submitted by the defendant demonstrated, prima facie, that it exercised only minimal or incidental control over the plaintiff's work (see Athena v Simon Prop. Group, LP, 185 AD3d 884, 885-886; Weinfeld v HR Photography, Inc., 149 AD3d at 1015).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the defendant had the "authority" to directly hire, fire, and discipline the plaintiff, and that the defendant exercised more than incidental control over her work, are not supported by the record (cf. Bynog v Cipriani Group, 1 NY3d at 199; Bizjak v Gramercy Capital Corp., 95 AD3d 469, 470). In addition, contrary to the plaintiff's contention, the Supreme Court's determination that the defendant was not an employer of the plaintiff is not inconsistent with the Court of Appeals' decision in Samiento v World Yacht Inc. (10 NY3d 70), and its progeny. In Samiento, the Court of Appeals was not tasked with determining whether or not the plaintiffs in that case were employees within the meaning of the Labor Law.
Furthermore, even assuming "that the special employment doctrine is applicable in this context," the defendant demonstrated, prima facie, that it did not exert a sufficient degree of control over the plaintiff's work so as to render it a special employer of the plaintiff (Bynog v Cipriani Group, 1 NY3d at 200; see McLaughlan v BR Guest, Inc., 149 AD3d 519, 520; cf. Thompson v Grumman Aerospace Corp., 78 NY2d 553, 555; Spasic v Cammeby's Mgt. Co., 164 AD3d 537, 538), and, in opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., COHEN, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court