Membrives v HHC TRS FP Portfolio, LLC (2021 NY Slip Op 04349)





Membrives v HHC TRS FP Portfolio, LLC


2021 NY Slip Op 04349


Decided on July 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2018-09117
 (Index No. 607828/15)

[*1]Pedro Membrives, etc., et al., respondents,
v
HHC TRS FP Portfolio, LLC, et al., appellants.


Ogletree, Deakins, Nash, Smoak & Stewart, P.C., New York, NY (Aaron Warshaw and Jamie Haar of counsel), for appellants.
Leeds Brown Law, P.C., Carle Place, NY (Suzanne Leeds Klein, Jeffrey K. Brown, Michael A. Tompkins, and Brett R. Cohen of counsel), for respondents.



DECISION & ORDER
In a class action, inter alia, to recover damages for violations of Labor Law article 6, the defendants appeal from an order of the Supreme Court, Nassau County (Stephen A. Bucaria, J.), entered July 24, 2018. The order, insofar as appealed from, granted the plaintiffs' motion for summary judgment on the amended complaint and denied the defendants' motion, inter alia, for summary judgment dismissing the amended complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof granting that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 196-d, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In December 2015, the plaintiffs commenced this class action against the defendants, who manage and operate a hotel and catering hall, alleging that since 2009 the defendants have violated Labor Law § 196-d and 12 NYCRR 146-2.18 by assessing and retaining a fixed percentage of the food and beverage subtotal in the form of an administrative fee for catered events at their hotels. The plaintiffs further alleged that the defendants violated 12 NYCRR 146-2.19 by failing to adequately notify customers that this administrative fee was not a gratuity or tip, and was retained by the defendants. In an order dated March 13, 2017, the Supreme Court certified the class (see Membrives v HHC TRS FP Portfolio LLC, 2017 NY Slip Op 32922[U] [Sup Ct, Nassau County]).
Thereafter, the defendants moved, inter alia, for summary judgment dismissing the amended complaint. The plaintiffs moved for summary judgment on the amended complaint. In an order entered July 24, 2018, the Supreme Court denied the defendants' motion and granted the plaintiffs' motion. The defendants appeal.
Labor Law § 196-d provides, in pertinent part: "No employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." "'In order to state a claim under [Labor Law § 196-d], a plaintiff must first demonstrate that he or she is an employee [*2]entitled to its protections'" (Colon v Compass Group USA, Inc., 188 AD3d 800, 801, quoting Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335). "'The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the most important consideration'" (Colon v Compass Group USA, Inc., 188 AD3d at 801, quoting Athenas v Simon Prop. Group, LP, 185 AD3d 884, 885 [internal quotation marks omitted]). "'[I]ncidental control over the results produced without further indicia of control over the means employed to achieve the results will not constitute substantial evidence of an employer-employee relationship'" (Colon v Compass Group USA, Inc., 188 AD3d at 802, quoting Weinfeld v HR Photography, Inc., 149 AD3d 1014, 1015).
Here, the Supreme Court erred in determining that the plaintiffs established, prima facie, that the plaintiff Pedro Membrives and other class members were the defendants' employees for the purpose of liability under Labor Law § 196-d. The record demonstrates that from 2008 through 2015, the defendants retained two different entities to provide the defendants with temporary workers for catered events. The defendants' agreements with these entities provided that these entities would, inter alia, provide the defendants with workers for their catered events, and would hire, train, pay, and supervise these workers. However, Membrives testified at his deposition that the defendants' employees supervised all banquet workers. Moreover, the defendants' banquet manager testified that he was in charge of all event staff, including temporary workers, disciplined and directed the temporary workers, and kept a log of their hours. Therefore, given the conflicting evidence, the plaintiffs failed to establish, prima facie, the absence of a triable issue of fact as to whether the plaintiffs were employees of the defendants for the purpose of liability under Labor Law § 196-d (see Rivera v Fenix Car Serv. Corp., 81 AD3d 622, 624; see also Bynog v Cipriani Group, 1 NY3d 193, 198). Accordingly, the court should have denied that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging a violation of Labor Law § 196-d.
The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment on the cause of action alleging a violation of 12 NYCRR 146-2.18. 12 NYCRR 146-2.18 creates a "rebuttable presumption that any charge in addition to charges for food, beverage, lodging, and other specified materials or services, including but not limited to any charge for 'service' or 'food service,' is a charge purported to be a gratuity," and requires employers to retain charges "purported to be gratuities" for at least six years. "[A] banquet charge, like any charge can purport[ ] to be a gratuity and . . . the reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity" (Samiento v World Yacht Inc., 10 NY3d 70, 79 [internal quotation marks omitted]). "'[T]he standard under which a mandatory charge or fee is purported to be a gratuity should be weighed against the expectation of the reasonable customer and the reasonable patron standard should govern when determining whether a banquet patron would understand a service charge was being collected in lieu of a gratuity'" (Ibarra v 101 Park Rest. Corp., 140 AD3d 700, 703, quoting Martin v Restaurant Assoc. Events Corp., 106 AD3d 785, 786 [internal quotation marks omitted]).
Here, the plaintiffs established, prima facie, that they were employees of the defendants for the purpose of liability under 12 NYCRR 146-2.18 (see 12 NYCRR 146-3.2[a]), and submitted various contracts, proposals, estimates, checks, and receipts from the period of the alleged violations demonstrating, prima facie, that the defendants charged patrons what was referred to as an "administrative fee." These documents did not clearly disclose that this fee was not a gratuity or tip. In opposition, the defendants failed to submit sufficient evidence to rebut the presumption set forth in 12 NYCRR 146-2.18, and, therefore, failed to raise a triable issue of fact.
The plaintiffs also established their prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of 12 NYCRR 146-2.19. 12 NYCRR 146-2.19(c) requires "a statement in the contract or agreement with the customer, and on any menu and bill listing prices, that the administrative charge is . . . not purported to be a gratuity." The record demonstrates that the defendants' banquet checks, receipts, and other "bill listing prices" did not contain a statement that the administrative fee was not a gratuity. In opposition, the defendants failed to raise a triable issue of fact.
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
DILLON, J.P., MILLER, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court