Velasquez v Sunstone Red Oak, LLC (2023 NY Slip Op 00892)

Velasquez v Sunstone Red Oak, LLC

2023 NY Slip Op 00892

Decided on February 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.

2019-11119
 (Index No. 51015/16)

[*1]Marianella Velasquez, etc., appellant-respondent,
v
Sunstone Red Oak, LLC, etc., et al., respondents- appellants.

Leeds Brown Law, P.C., Carle Place, NY (Michael A. Tompkins of counsel), for appellant-respondent.
Meltzer, Lippe, Goldstein & Breitstone LLP, Mineola, NY (Gerald Waters of counsel), for respondents-appellants.

DECISION & ORDER
In a putative class action to recover damages for violations of Labor Law article 6, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Westchester County (Helen M. Blackwood, J.), dated February 5, 2019. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was to impose sanctions against the defendants for spoliation of evidence. The order, insofar as cross-appealed from, denied the defendants' cross-motion for summary judgment dismissing the complaint.
ORDERED that the appeal is dismissed as academic in light of the determination on the cross-appeal; and it is further,
ORDERED that the order is reversed insofar as cross-appealed from, on the law, the defendants' cross-motion for summary judgment dismissing the complaint is granted; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In 2014 and 2015, the plaintiff, through a staffing agency known as Interstate Staffing, Inc. (hereinafter Interstate Staffing), worked as a server at catered events held at the defendants' hotel. In January 2016, the plaintiff commenced this putative class action to recover damages for violations of Labor Law § 196-d, alleging that the defendants were the employers of the plaintiff and other servers, that the defendants imposed a mandatory service charge on contracts for catered events and did not "disclaim" that the charge was not a gratuity, that a reasonable customer would believe that the service charge was a gratuity, and that the defendants failed to distribute the service charge to servers, including the plaintiff. The defendants interposed an answer, asserting, inter alia, that they were "not Plaintiff's employer or 'joint employer' within the meaning of the law."
The plaintiff moved, inter alia, to impose sanctions against the defendants for spoliation of evidence relevant to whether the defendants adequately disclaimed that the service charge was not a gratuity. The defendants cross-moved for summary judgment dismissing the [*2]complaint, arguing, among other things, that the evidence demonstrated, as a matter of law, that the plaintiff was not their employee. By order dated February 5, 2019, the Supreme Court, inter alia, denied that branch of the plaintiff's motion and the defendants' cross-motion. The plaintiff appeals from so much of the order as denied that branch of her motion which was to impose sanctions against the defendants for spoliation of evidence. The defendants cross-appeal from so much of the order as denied their cross-motion for summary judgment dismissing the complaint.
Labor Law § 196-d provides, in pertinent part: "No employer or his agent . . . shall demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee." "'In order to state a claim under article 6, a plaintiff must first demonstrate that he or she is an employee entitled to its protections'" (Hernandez v Chefs Diet Delivery, LLC, 81 AD3d 596, 597, quoting Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335). The critical inquiry in determining whether a plaintiff is an employee of a defendant is "'the degree of control exercised by the purported employer over the results produced or the means used to achieve the results'" (Hernandez v Chefs Diet Delivery, LLC, 81 AD3d at 597, quoting Bynog v Cipriani Group, 1 NY3d 193, 198). Where the record shows more than incidental control, such as where temporary employees work under the direct control of the defendant's managers, an issue of fact arises as to whether there is an employer-employee relationship (see Maor v One Fifty Fifty Seven Corp., 169 AD3d 497).
"Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (Bynog v Cipriani Group, 1 NY3d at 198; see Colon v Compass Group USA, Inc., 188 AD3d 800).
Here, the defendants established, prima facie, that the plaintiff was not their employee (see Bynog v Cipriani Group, 1 NY3d 93). The record demonstrates that Interstate Staffing recruited the plaintiff, sent her to work at events at the hotel, and paid her. Interstate Staffing sent a supervisor to each event to supervise the workers from Interstate Staffing. The workers from Interstate Staffing did not wear the hotel's logo, and they were dressed differently from hotel employees. If a worker misbehaved on the job, the hotel staff would notify the supervisor from Interstate Staffing to deal with the problem. The defendants had no authority to hire or fire the workers, had no authority to determine compensation, hours, or employment schedules, and did not maintain employee records. The hotel employees first met with the workers right before each event to review the particulars of the event. The supervisor from Interstate Staffing signed the workers in and out (cf. Membrives v HHC TRS FP Portfolio, LLC, 196 AD3d 560; Maor v Hornblower N.Y., LLC, 51 Misc 3d 1231[A], 2016 NY Slip Op 50891[U] [Sup Ct, NY County]; Connor v Pier Sixty, LLC, 29 Misc 3d 1220[A], 2010 NY Slip Op 51911[U] [Sup Ct, NY County]).
In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. The plaintiff's contentions that the defendants had the authority to directly fire and discipline the plaintiff and that the defendants had more than incidental control over the work are not supported by the record (see Colon v Compass Group USA, Inc., 188 AD3d at 802).
Furthermore, even assuming "that the special employment doctrine is applicable in this context," the defendants demonstrated, prima facie, that they did not exert a sufficient degree of control over the plaintiff's work so as to render her a special employee of the defendants (Bynog v Cipriani Group, 1 NY3d at 200; Colon v Compass Group USA, Inc., 188 AD3d at 802-803). In opposition, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the defendants' cross-motion for summary judgment dismissing the complaint.
In light of our determination on the cross-appeal, the appeal has been rendered academic.
DUFFY, J.P., CHAMBERS, MALTESE and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court