Bonham Strand, LLC v Vidarte (2025 NY Slip Op 50176(U))

[*1]

Bonham Strand, LLC v Vidarte

2025 NY Slip Op 50176(U)

Decided on January 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELENA GOLDBERG-VELAZQUEZ, J.P., TIMOTHY S. DRISCOLL, GRETCHEN WALSH, JJ

2024-41 W C

Bonham Strand, LLC, Appellant,
against
Veronica Vidarte & Kerri Quinn, Respondents. 

Bonham Strand, LLC, appellant pro se.
Veronica Vidarte & Kerri Quinn, respondents pro se (no brief filed).

Appeal from a final judgment of the Justice Court of the Village of Dobbs Ferry, Westchester County (David A. Koenigsberg, J.; op 81 Misc 3d 1227[A], 2024 NY Slip Op 50012[U]), entered January 4, 2024. The final judgment, after a nonjury trial, dismissed the petition in a summary proceeding.

ORDERED that the final judgment is affirmed, without costs.
The October 2023 petition in this summary proceeding to recover possession of a rent-stabilized apartment was titled a nonpayment petition and was, insofar as is relevant here, based upon tenants' alleged failure to pay $1,160 in rent for September 2023 and $2,312 in "Holdover Rent" for October 2023. At a nonjury trial, it was undisputed that landlord provided a renewal lease to tenants during the appropriate period prior to the September 30, 2023 expiration of their lease (see Emergency Tenant Protection Regulations [9 NYCRR] [ETPR] § 2504.3). Landlord, claiming not to have received an acceptance of the renewal lease, sent an email to tenants on September 11, 2023, with a subject heading "NOTICE NOT TO RENEW LEASE," which email informed tenants that their lease would not be renewed and also stated that tenants had failed to pay September rent. Landlord's position is that tenants' lease expired on September 30, 2023 and [*2]they were holdover tenants when this proceeding was commenced.[FN1]
Tenants testified that they had executed and returned the renewal lease and demonstrated, among other things, that they submitted a "Decreased Service(s) Application" to the Division of Housing and Community Renewal on August 30, 2023 regarding conditions in the subject apartment.

The Justice Court (David A. Koenigsberg, J.) issued a trial decision (see Bonham Strand LLC v Vidarte, 81 Misc 3d 1227[A], 2024 NY Slip Op 50012[U]), which was entered as a final judgment on January 4, 2024, dismissing the petition. The court found, among other things, that tenants timely executed and returned landlord's lease renewal and that, therefore, tenants were not holding over; that tenants paid the arrears for September and slightly more than half of October's rent on October 4, 2024; that tenants were entitled to a rent abatement; and that landlord retaliated against tenants—by, among other things, commencing this proceeding—for "making complaints about the poor condition of the apartment to the State of New York, Division of Housing and Community Renewal, Office of Rent Administration on August 30, 2023" (see Real Property Law § 223-b [5] [a]). On appeal, landlord challenges the Justice Court's findings of fact and criticizes the court's treatment of landlord's witness at trial.

The decision of a fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]). Furthermore, the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).

Here, to the extent that landlord's challenges to the Justice Court's factual findings would have an impact on the outcome of the case, we see no basis in the record to disturb them. In particular, there is no basis to disturb the Justice Court's determination that tenants were not holding over, and we note that landlord has neither pleaded (see RPAPL 711 [1]; 741) nor demonstrated that it complied with the prerequisites to the commencement of a holdover proceeding to obtain possession of a rent stabilized apartment (see ETPR § 2504.3). Furthermore, to the extent the proceeding should have been treated as a nonpayment proceeding (see RPAPL 711 [2]), we see no basis to disturb the Justice Court's factual findings which support the dismissal of the petition. 

Landlord's contention that the Justice Court was biased against it is unpreserved for appellate review, as landlord did not move for the court's recusal (see Matter of JPMorgan Chase Bank, N.A. v Smith, 188 AD3d 1214, 1216 [2020]; Fremont v Nemeroff, 60 Misc 3d 134[A], [*3]2018 NY Slip Op 51052[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2018]). In any event, the record demonstrates that the Justice Court treated the parties fairly, properly elicited relevant testimony, and did not have a predetermined outcome of the case in mind during the trial (see Matter of Remsen v Remsen, 198 AD3d 658, 661 [2021]; Greene v Rachlin, 154 AD3d 818, 819 [2017]; Fremont v Nemeroff, 2018 NY Slip Op 51052[U]).

Accordingly, the final judgment is affirmed.

GOLDBERG-VELAZQUEZ, J.P., DRISCOLL and WALSH, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: January 23, 2025

Footnotes

Footnote 1:Indeed, the notice of petition denominates the proceeding a "non-payment/holdover," notwithstanding the fact that the petition identifies the proceeding as a nonpayment proceeding.