Whitfield v Law Enforcement Employees Benevolent Assn. (2025 NY Slip Op 02370)

Whitfield v Law Enforcement Employees Benevolent Assn.

2025 NY Slip Op 02370

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
JAMES P. MCCORMACK, JJ.

2023-06248
 (Index No. 523750/21)

[*1]John "Divine G" Whitfield, etc., appellant, 
v
Law Enforcement Employees Benevolent Association, etc., et al., respondents.

John D. Whitfield, suing herein as John "Divine G" Whitfield, Brooklyn, NY, appellant pro se.
Seelig Law Offices, LLC, New York, NY (Matthew J. Porcaro of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated May 23, 2023. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is affirmed, with costs.
In September 2021, the plaintiff, proceeding pro se, commenced this action, inter alia, to recover damages for fraud and unjust enrichment against the defendants, Law Enforcement Employees Benevolent Association (hereinafter LEEBA) and individual members and executives of LEEBA. The plaintiff alleged that he agreed to build and maintain a website for the defendants and to carry out certain paralegal services for which he was inadequately paid. The defendants moved pursuant to CPLR 3211(a) to dismiss the amended complaint. In an order dated May 23, 2023, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"On a motion to dismiss pursuant to CPLR 3211(a)(7), the pleading must be afforded a liberal construction, the facts alleged are presumed to be true, the plaintiff is afforded the benefit of every favorable inference, and the court is to determine only whether the facts as alleged fit within any cognizable legal theory, without regard to whether the allegations ultimately can be established" (Minico Ins. Agency, LLC v AJP Contr. Corp., 166 AD3d 605, 606).
"In an action to recover damages for fraud, the plaintiff must prove a misrepresentation or a material omission of fact which was false and known to be false by defendant, made for the purpose of inducing the other party to rely upon it, justifiable reliance of the other party on the misrepresentation or material omission, and injury" (Comora v Franklin, 171 AD3d 851, 853 [internal quotation marks omitted]). Here, the plaintiff failed to adequately allege the element of injury, as he received payment for the services he rendered and the work he performed (see Grasso v Guarino, 227 AD3d 872, 873-874).
"New York does not recognize civil conspiracy to commit a tort as an independent cause of action" (Clevenger v Yuzek, 222 AD3d 931, 936 [internal quotation marks omitted]). "However, a plaintiff may plead the existence of a conspiracy in order to connect the actions of the individual defendants with an actionable, underlying tort, and establish that those actions were part of a common scheme" (McSpedon v Levine, 158 AD3d 618, 621). Here, as the plaintiff failed to adequately allege a fraud cause of action, the Supreme Court properly granted dismissal of the cause of action alleging civil conspiracy to commit fraud, since it stands or falls with the underlying tort (see id.).
"To recover under a theory of unjust enrichment, a litigant must show that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered" (Bedford-Carp Constr., Inc. v Brooklyn Union Gas Co., 219 AD3d 1293, 1295 [internal quotation marks omitted]; see Nasca v Greene, 216 AD3d 648, 650). Here, the plaintiff failed to allege that the defendants were enriched at the plaintiff's expense by their payment to the plaintiff for services he rendered to them (see Nasca v Greene, 216 AD3d at 650).
"To establish a quantum meruit claim, the plaintiff must show: '(1) the performance of services in good faith, (2) the acceptance of services by the person or persons to whom they are rendered, (3) the expectation of compensation therefor, and (4) the reasonable value of the services rendered'" (TV Tech Mgrs., Inc. v Cohen, 227 AD3d 838, 841, quoting F & M Gen. Contr. v Oncel, 132 AD3d 946, 948). Here, the plaintiff failed to allege the "reasonable value" of the website and paralegal services that he rendered (id. [internal quotation marks omitted]).
The amended complaint asserted a number of causes of action alleging violations of the Labor Law and the Fair Labor Standards Act (hereinafter FLSA) (29 USC § 201 et seq.), which required the plaintiff to "first demonstrate that he . . . is an employee entitled to [the] protections" of those statutes (Bhanti v Brookhaven Mem. Hosp. Med. Ctr., 260 AD2d 334, 335; see Membrives v HHC TRS FP Portfolio, LLC, 196 AD3d 560, 561; Browning v CEVA Frgt., LLC, 885 F Supp 2d 590, 597 [ED NY]). "The determination of whether an employer-employee relationship exists turns on whether the alleged employer exercises control over the results produced, or the means used to achieve the results. Control over the means is the most important consideration" (Colon v Compass Group USA, Inc., 188 AD3d 800, 801 [internal quotation marks omitted]). "Factors relevant to assessing control include whether the worker (1) worked at his [or her] own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on a fixed schedule" (id. [internal quotation marks omitted]).
Here, the Supreme Court correctly determined that the plaintiff failed to allege that he was an employee of LEEBA. The record demonstrates that the plaintiff was paid sporadically by invoice, the amended complaint contains no indication that he received any "fringe benefits" (id. [internal quotation marks omitted]), and he did not have a fixed work schedule (see Browning v CEVA Frgt., LLC, 885 F Supp 2d at 597). The plaintiff did not allege that the defendants exerted any level of control over him or his actions or that he was not allowed to engage in other employment (see Colon v Compass Group USA, Inc., 188 AD3d at 801). Therefore, the court properly granted dismissal of the Labor Law and FLSA causes of action.
"The elements of intentional infliction of emotional distress are (1) extreme and outrageous conduct; (2) the intent to cause, or the disregard of a substantial likelihood of causing, severe emotional distress; (3) causation; and (4) severe emotional distress" (Eskridge v Diocese of Brooklyn, 210 AD3d 1056, 1057 [internal quotation marks omitted]). "In order to state a cause of action to recover damages for intentional infliction of emotional distress, the pleading must allege conduct [that] has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (Banschick v Johnson, 222 AD3d 608, 610 [internal quotation marks omitted]). Here, accepting as true the allegations in the amended complaint, the alleged conduct did not satisfy that rigorous standard (see id.).
"A cause of action to recover damages for negligent infliction of emotional distress generally requires a plaintiff to show a breach of a duty owed to him [or her] which unreasonably endangered his [or her] physical safety, or caused him [or her] to fear for his [or her] own safety" (Chiesa v McGregor, 209 AD3d 963, 966 [internal quotation marks omitted]; see Lea v McNulty, 227 AD3d 971, 973). Here, the negligent infliction of emotional distress cause of action must fail since there were no allegations of negligence in the amended complaint (see Chiesa v McGregor, 209 AD3d at 966).
"Generally, a member of [a corporation or] a limited liability company cannot personally be held liable for any debts, obligations[,] or liabilities . . . whether arising in tort, contract or otherwise" (Murphy v Jewell, 228 AD3d 676, 677 [internal quotation marks omitted]; see Louis Monteleone Fibres, Ltd. v Hudson Baylor Brookhaven, LLC, 228 AD3d 641, 644). "Generally, a plaintiff seeking to pierce the corporate veil must show that (1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury" (Board of Mgrs. of the Brighton Tower II Condominium v Brighton Bldr., LLC, 226 AD3d 736, 738 [internal quotation marks omitted]). Here, the plaintiff failed to plead allegations that the individual defendants dominated LEEBA and that they engaged in acts amounting to an abuse of the corporate form to perpetrate a wrong or injustice against the plaintiff (cf. Murphy v Jewell, 228 AD3d at 678).
The plaintiff's contention that the Supreme Court was biased against him is unpreserved for appellate review. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (Matter of Gregoire v Yadram, 177 AD3d 616, 618 [internal quotation marks omitted]; see Greene v Rachlin, 154 AD3d 818, 819; Matter of Biancoviso v Barona, 150 AD3d 990, 991). In any event, when a claim of bias is raised, the inquiry on appeal is limited to whether the court's "bias, if any, unjustly affected the result to the detriment of the complaining party" (Matter of George A.C. [Anthony C.], 223 AD3d 798, 800 [internal quotation marks omitted]; see Matter of Bibi H. v Administration for Children's Servs.-Queens, 210 AD3d 771, 772; Matter of Bowe v Bowe, 124 AD3d 645, 646). A review of the record here demonstrates that the plaintiff's contention is without merit (see Greene v Rachlin, 154 AD3d at 819).
The plaintiff's remaining contention is without merit.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
BRATHWAITE NELSON, J.P., VOUTSINAS, LANDICINO and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court