Lercara Provisions, Inc. v Boar's Head Provisions Co., Inc. (2026 NY Slip Op 00884)

Lercara Provisions, Inc. v Boar's Head Provisions Co., Inc.

2026 NY Slip Op 00884

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
DONNA-MARIE E. GOLIA, JJ.

2020-04891
 (Index No. 503667/19)

[*1]Lercara Provisions, Inc., et al., appellants-respondents,
vBoar's Head Provisions Co., Inc., et al., respondents- appellants.

Abrams Fensterman, LLP, Brooklyn, NY (Anthony J. Genovesi, Rachel Demarest Gold, and Justin T. Kelton of counsel), for appellants-respondents.
Golenbeck Eiseman Assor Bell & Peskoe LLP, New York, NY (Jacqueline G. Veit and Nick DiMarino of counsel), for respondents-appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated May 18, 2020. The order, insofar as appealed from, granted those branches of the motion of the defendant Frank Brunckhorst Co., LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, fifth, and tenth causes of action and the demand for punitive damages insofar as asserted against it and, in effect, granted those branches of the motion of the defendant Boar's Head Provisions Co., Inc., which were pursuant to CPLR 3211(a) to dismiss the first, second, third, fourth, fifth, and tenth causes of action and the demand for punitive damages insofar as asserted against it. The order, insofar as cross-appealed from, denied those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the sixth, seventh, eighth, eleventh, and twelfth causes of action insofar as asserted against each of them.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof granting those branches of the motion of the defendant Frank Brunckhorst Co., LLC, which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fourth causes of action insofar as asserted it, and substituting therefor a provision denying those branches of the motion, (2) by deleting the provision thereof, in effect, granting those branches of the motion of the defendant Boar's Head Provisions Co., Inc., which were pursuant to CPLR 3211(a) to dismiss the first, second, third, and fourth causes of action insofar as asserted it, and substituting therefor a provision denying those branches of the motion, and (3) by deleting the provision thereof denying those branches of the defendants' separate motions which were pursuant to CPLR 3211(a) to dismiss the eighth cause of action insofar as asserted against each of them, and substituting therefor a provision granting those branches of the motions; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiffs, Saro Anthony Lercara and his company, Lercara Provisions, Inc. (hereinafter LPI), commenced this action in 2019 against the defendants, Boar's Head Provisions Co., Inc. (hereinafter Boar's Head), and Frank Brunckhorst Co., LLC (hereinafter Brunckhorst). The amended complaint alleged the following. Boar's Head produced "delicatessen edibles," which were [*2]distributed through Brunckhorst. Brunckhorst distributed the products to authorized distributors, who, in turn, distributed the products to stores through the acquisition of distribution routes. Boar's Head exercised a large degree of control over authorized distributors and, among other things, required its approval of the sale of a distribution route from one authorized distributor to another and prohibited authorized distributors from engaging in any other food-related business. LPI was established in 2011 exclusively for the purpose of becoming an authorized distributor of Boar's Head products, and it operated as such for several years, until it was forced to sell its distribution routes after Boar's Head threatened to stop selling its products to LPI.
The amended complaint asserted 12 causes of action, alleging violations of the Labor Law (first through fourth causes of action), tortious interference with contract (fifth cause of action), breach of contract (sixth and seventh causes of action), fraudulent inducement (eighth cause of action), economic duress (ninth cause of action), unfair competition and misappropriation (tenth cause of action), and violations of the Franchise Sales Act (General Business Law § 680 et seq.) (eleventh and twelfth causes of action). The amended complaint also included a demand for punitive damages.
The defendants separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them. In an order dated May 18, 2020, the Supreme Court, inter alia, granted those branches of Brunckhorst's motion which were to dismiss the first, second, third, fourth, fifth, and tenth causes of action and the demand for punitive damages insofar as asserted against it, in effect, granted those branches of Boar's Head's motion which were to dismiss those causes of action and the demand for punitive damages insofar as asserted against it, and denied those branches of the defendants' separate motions which were to dismiss the sixth, seventh, eighth, eleventh, and twelfth causes of action insofar as asserted against each of them. The plaintiffs appeal, and the defendants cross-appeal.
On a motion to dismiss pursuant to CPLR 3211(a), the complaint must be liberally construed (see id. § 3026; Leon v Martinez, 84 NY2d 83, 87). The court must accept the facts as alleged in the complaint as true and accord the plaintiff the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d at 87). In assessing a motion to dismiss under CPLR 3211(a)(7) for failure to state a cause of action, the court must "determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d at 87-88; see Langley v Melville Fire Dist., 213 AD3d 748, 750). Under CPLR 3211(a)(1), dismissal is warranted "only where the documentary evidence utterly refutes [the] factual allegations [in the complaint], conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see Leon v Martinez, 84 NY2d at 88).
"When a defendant objects to the court's exercise of personal jurisdiction, the ultimate burden of proof rests upon the plaintiff" (Lowy v Chalkable, LLC, 186 AD3d 590, 591; see Escobar v Segunda Iglesia Pentecostal Juan 3:16 Asamblea de Dios, 232 AD3d 719, 721). "However, to successfully oppose a motion to dismiss for lack of personal jurisdiction, the plaintiff need only make a prima facie showing that the defendant was subject to the personal jurisdiction of the court" (Clevenger v Yuzek, 222 AD3d 931, 937 [internal quotation marks omitted]; see Piccoli v Cerra, Inc., 174 AD3d 754, 755). Here, viewing the allegations in the amended complaint in the light most favorable to the plaintiffs, the plaintiffs demonstrated, prima facie, that Boar's Head was subject to the jurisdiction of the Supreme Court (see CPLR 302[a]; Sacco v Reel-O-Matic, Inc., 183 AD3d 567, 569; Piccoli v Cerra, Inc., 174 AD3d at 756; Paradigm Mktg. Consortium, Inc. v Yale New Haven Hosp., Inc., 124 AD3d 736, 737). Accordingly, the court properly denied dismissal of the first through eighth and tenth through twelfth causes of action insofar as asserted against Boar's Head on the ground of lack of personal jurisdiction.
Pursuant to CPLR 3211(a)(5), a party may move to dismiss a cause of action on the ground that it may not be maintained because of a release. "Although a defendant has the initial burden of establishing that it has been released from any claims, a signed release shifts the burden of going forward to the plaintiff to show that there has been fraud, duress or some other fact which will be sufficient to void the release" (Centro Empresarial Cempresa S.A. v América Móvil, S.A.B. [*3]de C.V., 17 NY3d 269, 276 [alterations and internal quotation marks omitted]; see Cames v Craig, 181 AD3d 851, 852). Here, while a general release executed by the plaintiffs, by its terms, released the defendants from all known and unknown causes of action which accrued on or before November 17, 2015, the allegations in the amended complaint that the defendants threatened to stop selling products to the plaintiffs and to deny approval of the sale of the plaintiffs' distribution routes were sufficient to support a possible finding that the general release was obtained under circumstances that indicated unfairness (see Farber v Breslin, 47 AD3d 873, 877; see also China Dev. Indus. Bank v Morgan Stanley & Co. Inc., 86 AD3d 435, 437; Pashtrik Realty Corp. v Gjonlekaj, 234 AD2d 54, 54). The defendants' contention that the plaintiffs ratified the general release is not properly before this Court, because it relies on matter dehors the record (see Yakubov v Gaft, 231 AD3d 1099, 1101). Accordingly, the Supreme Court properly denied dismissal of the first through eighth and tenth through twelfth causes of action on the ground that those causes of action were barred by the general release.
The Supreme Court erred in granting dismissal of the first through fourth causes of action on the ground that Lercara was not an employee of the defendants. "[T]he critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results" (Bynog v Cipriani Group, 1 NY3d 193, 198). "Where the record shows more than incidental control, . . . an issue of fact arises as to whether there is an employer-employee relationship" (Velasquez v Sunstone Red Oak, LLC, 213 AD3d 883, 884). Here, the amended complaint alleged that the defendants exerted more than incidental control over the results produced and the means employed to achieve those results, including setting rules for work hours, setting prices, dictating marketing campaigns, and enforcing cosmetic standards (see Matter of Jani-King of N.Y., Inc. [Commissioner of Labor], 214 AD3d 1088, 1090-1091). Accordingly, the Supreme Court should have denied those branches of the defendants' separate motions which were to dismiss the first, second, third, and fourth causes of action insofar as asserted against each of them.
The Supreme Court properly granted that branch of Brunckhorst's motion which was to dismiss the fifth cause of action insofar as asserted against it and properly, in effect, granted that branch of Boar's Head's motion which was to dismiss that cause of action insofar as asserted against it on the ground that the amended complaint failed to state a cause of action to recover damages for tortious interference with contract. The amended complaint failed to allege a breach of a valid contract between the plaintiffs and a third party and failed to allege the defendants' intentional procurement of the third party's breach of such a contract (see Delanerolle v St Catherine of Sienna Med. Ctr., 231 AD3d 1013, 1014-1015; Influx Capital, LLC v Pershin, 186 AD3d 1622, 1624).
The Supreme Court properly denied those branches of the defendants' separate motions which were to dismiss the sixth and seventh causes of action, both alleging breach of contract, insofar as asserted against each of them. The amended complaint adequately alleged that the defendants breached the implied covenant of good faith and fair dealing by terminating the parties' alleged distribution agreements without justification or good cause (see JLO Dev. Corp. v Amalgamated Bank, 232 AD3d 705, 706-707; Ahmed Elkoulily, M.D., P.C. v New York State Catholic Healthplan, Inc., 153 AD3d 768, 770-771). Contrary to the defendants' contention, the plaintiffs' signed acknowledgment that a certain sales policy was not a contract or distribution agreement did not utterly refute the existence of a distribution agreement between the parties (see CIP GP 2018, LLC v Koplewicz, 194 AD3d 639, 640).
To state a cause of action alleging fraudulent inducement, the complaint must allege a knowing misrepresentation of a material present fact, which was intended to deceive another party and induced that party to act on it, resulting in injury (see Ikezi v 82nd St. Academics, 221 AD3d 986, 988; Feldman v Byrne, 210 AD3d 646, 648-649). Further, CPLR 3016(b) requires that when a cause of action is based upon fraud, "the circumstances constituting the wrong shall be stated in detail." As to the element of reasonable reliance, the plaintiff is expected to exercise ordinary diligence and may not claim to have reasonably relied upon a defendant's representation or silence where the plaintiff had means available, by the exercise of ordinary intelligence, to know the truth or the real quality of the subject of the representation (see Feldman v Byrne, 210 AD3d at 649). Here, affording [*4]the amended complaint a liberal construction and accepting the facts alleged therein as true, the plaintiffs failed to allege that they reasonably relied upon the defendants' alleged misrepresentations that "there was an opportunity in New York" when LPI sold its Connecticut distribution route or that the plaintiffs reasonably relied upon the defendants' alleged representations that the sale of the Connecticut distribution route was necessary to comply with the defendants' sales policy or to address an alleged theft (see Riggs v Brooklyn Hosp. Ctr., 207 AD3d 405, 406-407; Avery v WJM Dev. Corp., 197 AD3d 1141, 1144). Accordingly, the Supreme Court should have granted those branches of the defendants' separate motions which were to dismiss the eighth cause of action, alleging fraudulent inducement, insofar as asserted against each of them.
Contrary to the plaintiffs' contentions, the Supreme Court properly granted those branches of Brunckhorst's motion which were to dismiss the tenth cause of action and the demand for punitive damages insofar as asserted against it and properly, in effect, granted those branches of Boar's Head's motion which were to dismiss that cause of action and the demand for punitive damages insofar as asserted against it. Contrary to the defendants' contentions, the court properly denied those branches of their separate motions which were to dismiss the eleventh and twelfth causes of action insofar as asserted against each of them.
BRATHWAITE NELSON, J.P., CHRISTOPHER, WAN and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court